IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

URIEL MARCUS, BENEDICT
VERCELES, and Others Similarly Situated,

    Plaintiffs,

  v.

APPLE INC.,

    Defendant.

No. C 14-03824 WHA

**ORDER RE DISCOVERY ON SAFETY ISSUE AND RE PENDING MOTIONS TO DISMISS**

    The main new allegation in the proposed amended complaint is the safety allegation. The Court is concerned that this new theory is an afterthought, never having been previously raised. Having considered what counsel say discovery will establish on the safety issue as it relates to disclosures in the operating manuals, the Court believes that discovery limited to that issue, to be followed by summary judgment submissions thereon, will be the best way to address the new safety allegation. This procedure will convert this aspect of the proceedings to partial summary judgment mode, but Rule 12 shall continue to apply to the rest.

    Depending on what the discovery shows, the Court will rule on the hybrid Rule 12-Rule 56 motion in a few weeks, after the following discovery and submissions are done. Meanwhile, the following short summary may assist counsel in appreciating the Court's thinking. As to the CLRA claim, the Court leans toward the view that a claim is stated if the consumer uses the item in conformity with the operating manual but nevertheless incurs an undue risk of safety hazard, meaning an undisclosed risk of serious bodily injury. On the other

hand, if the operating manual warned of the safety hazards and how to avoid them, then there can be no CLRA violation.

As to the Song-Beverly Act, if consumer adherence to the instructions and warnings in the operating manual would eliminate an undue safety hazard, then there is no limited warranty problem insofar as safety is concerned. On the other hand, if consumer adherence to the instructions and warnings would not eliminate a serious safety risk and the serious safety risk renders the unit unfit for use, then there is a defect.

Plaintiffs shall produce their operating manuals and all paperwork that came with their units, including receipts at least forty hours before their depositions. They shall each then sit, in this district (having sued here), for up to ninety minutes of deposition questioning by Apple, to be followed by up to thirty minutes of plaintiff's counsel, to be followed by up to however much is reserved for re-direct by Apple's counsel from the ninety minutes. The depositions shall be completed by **MARCH 31**.

By **MARCH 25**, Apple shall supply a declaration with exhibits from a person with personal knowledge as to the specific operating manuals and other warnings packaged with the units sold to plaintiffs, stating with particularity the basis for their knowledge. This will necessarily have to rely on Apple's records and business practices and counsel must take care to comply with the rules of evidence. Avoid generalities and hearsay. Supply foundation. No later than **APRIL 3**, the declarant(s) must sit for a deposition with the same time allotments as above (ninety plus thirty minutes, etc.).

By **APRIL 8**, both sides shall submit a joint appendix of evidence taken in this manner, including the declaration and documents, and shall simultaneously submit separate memoranda up to ten pages explaining the significance of the evidence. Either side may include, if warranted, a Rule 56(d) motion. The issue of what warnings and manuals were supplied with the paperwork for the units purchased by our two plaintiffs (and the extent to which it was read and followed) is the only issue amenable and allowable for partial summary judgment at this time.

The foregoing limited discovery is without prejudice to further, later discovery from the same individuals as the case moves along.  This hybrid procedure is adopted pursuant to Rule 12 and the case management authority of the Court under Rule 16.  Failure to comply with this discovery may result in preclusion or adverse inference, among other things.  Although the opposing submissions today disagree as to what discovery will show, the Court is confident that the witnesses will testify in accordance with their oaths.

**IT IS SO ORDERED.**

Dated:  March 16, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California