IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIEL MARCUS, BENEDICT VERCELES, and Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant. | No. C 14-03824 WHA<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT AND GRANTING PARTIAL SUMMARY JUDGMENT** |

### INTRODUCTION

In this putative product-defect class action, plaintiffs seek leave to file a first amended complaint. For the reasons stated below, plaintiffs' motion is **DENIED**.

### STATEMENT

The essence of this order is that an earlier order dismissed the complaint under Rule 12(b)(6). Leave was granted to move to file a first amended complaint, now before the Court. The main new allegation in the proposed pleading is a safety allegation concerning overheating and risk of burns, an allegation that fails if Apple Inc. provided disclosures and instructions dealing with the supposed hazard. Discovery and declarations were allowed on this new issue to test it on partial summary judgment. Apple made a straightforward demonstration that appropriate disclosures and instructions on use were included with the units sold. Counsel for plaintiffs were given discovery into Apple's showing and no Rule 56(d)

motion was made. By contrast, plaintiffs refused to sit for deposition to contradict Apple's showing (despite two orders to do so). Based on the sworn record, partial summary judgment is now entered in Apple's favor on the issue of the disclosures and instructions that came with the units in question. That being the main new issue, and that issue now being resolved against plaintiffs, no new basis exists to allow the proposed pleading. (A further miscellaneous new allegation is insufficient under Rule 12.) Leave to amend will be denied. Now follow the details.

\* \* \*

Plaintiffs Uriel Marcus and Benedict Verceles commenced this proposed class action against defendant Apple on behalf of persons who purchased certain Apple computers containing defective logic boards in the United States. Both Marcus and Verceles purchased Apple MacBook Pros that failed after the expiration of Apple's one-year express warranty. The logic board in Marcus's MacBook Pro failed eighteen months after purchase, and there are no allegations that his MacBook Pro failed to work properly until then. Although the logic board in Verceles's MacBook Pro failed less than one month after purchase, it was replaced under warranty, and did not fail again until "less than two years later" (Amd. Compl. ¶¶ 10–11).

Defendant moved to dismiss the action for failure to state a claim pursuant to Rule 12(b)(6). An order dated January 8, 2015, granted this motion in full and invited plaintiffs to seek leave to amend, which resulted in the instant motion (Dkt. No. 45).

The proposed amended complaint newly alleges that the logic board defect poses a safety hazard because it causes the MacBooks to get hot and potentially burn consumers (Amd. Compl. ¶ 22).

Apple stated that it would be able to prove that hard copy manuals were enclosed with each unit sold to plaintiffs and that these manuals warned of possible heat-related injuries associated with using a MacBook on one's lap — the precise safety issue raised in the proposed pleading (Dkt. No. 63). Plaintiffs, on the other hand, asserted that "this information was not contained in any hard copy manuals, paper work, or warning labels on laptops sold by Apple" (Dkt. No. 66). These statements were not under oath.

2

In light of the parties' conflicting positions, an order was issued requiring limited discovery to enable partial summary judgment as to what warnings and manuals were supplied with the paperwork for the units purchased by plaintiffs. The order warned that adverse inferences might be drawn for failure to comply (Dkt. No. 67). Apple fully complied with this order, supplied hard copies of the manuals and produced a declarant for deposition. All of this was under oath.

For their part, plaintiffs were ordered to sit for ninety-minute depositions and to produce the manuals that came with their units. When the time frame for the deposition was ending, plaintiffs' counsel moved to delay the deposition, saying they were "unnecessary." This was denied and plaintiffs were ordered to appear for depositions and to produce the manuals by a new deadline. They were warned that refusal to do so might result in an adverse inference being drawn against them on the issue of what manuals they received. They refused, again, to attend their depositions. Plaintiffs have refused to testify under oath as to the manuals received with their units.

The record is thus uncontested that plaintiffs' MacBook Pros were sold with hard-copy user guides included in the packaging (Moriarty Decl. ¶ 4). Page 68 of the user guide that accompanied plaintiffs' MacBook Pros stated that, "The bottom of your MacBook Pro may become very warm during normal use." On page 69 the manual also instructed that: "to operate the computer safely and reduce the possibility of heat-related injuries, follow these guidelines . . . ." The accompanying guidelines informed consumers to set up the "MacBook Pro on a stable work surface that allows for adequate air circulation under and around the computer," and warned that if the "MacBook Pro is on your lap and gets uncomfortably warm, remove it from your lap and place it on a stable work surface." These instructions and warnings unambiguously disclosed the precise safety issue alleged in the proposed amended complaint. Thus, Apple is entitled to partial summary judgment for satisfying its duty to disclose the alleged safety hazard.

The remaining issues raised in the proposed amended complaint will be analyzed under the normal Rule 12(b)(6) standard. This hybrid procedure is adopted pursuant to Rules 12 and 56 and case management authority under Rule 16.

**ANALYSIS**

A district court should freely grant leave to amend when justice so requires. Leave to amend need not be granted where the amendment is futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Summary judgment is appropriate under Rule 56(c) when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

This order holds that under the facts on the record, no reasonable jury could conclude that Apple failed to adequately disclose the alleged MacBook Pro overheating safety hazard. All issues raised in the proposed amended complaint fail to state a plausible claim.

**1.   FRAUD-BASED CLAIMS FOR RELIEF.**

The proposed amended complaint alleges that Apple violated provisions of California's Consumers Legal Remedies Act and the Texas Deceptive Trade Practices Act. As explained in the January 8 order, the heightened pleading standard of Rule 9(b) applies to these claims for relief. Our court of appeals has interpreted Rule 9(b) to require that a plaintiff state the "who, what, when, where, and how of the misconduct charged" as well as "what is false or misleading about a statement, and why it is false." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (citations and quotations omitted).

**A.   California's Consumers Legal Remedies Act.**

California's Consumers Legal Remedies Act proscribes unfair methods of competition and unfair or deceptive acts or practices. The proposed amended complaint alleges that Apple violated three subsections of Section 1770(a) of California's CLRA.

*First*, plaintiffs allege that Apple violated Section 1770(a)(5) by misrepresenting characteristics, benefits, or uses of the computers in question. *Second*, plaintiffs allege that Apple violated Section 1770(a)(7) by misrepresenting that the computers in question were of a particular standard, quality, and/or grade, when they were of another. *Third*, plaintiffs allege that Apple violated Section 1770(a)(9) by selling the computers in question with an intentionally-concealed design defect that caused the logic boards to overheat, creating safety issues.

### (1) There Were No Affirmative Misrepresentations Made Regarding the Useful Life of MacBooks.

Like the original complaint, the proposed amended complaint fails to identify any affirmative misrepresentations made by Apple that were in need of correction. "Advertising which merely states in general terms that one product is superior is not actionable. However, misdescriptions of specific or absolute characteristics of a product are actionable." *Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv., Inc.*, 911 F.2d 242, 246 (9th Cir. 1990). Plaintiffs fail to proffer specific statements made by Apple concerning the useful life of MacBooks. *Vitt v. Apple Computer, Inc.*, 469 Fed. Appx. 605, 607 (9th Cir. 2012) (dismissing CLRA claims against Apple for alleged logic board defect with the iBook G4 laptop). Thus, plaintiffs still state no claim under Sections 1770(a)(5) and (a)(7) of California's CLRA. Leave to amend is **DENIED**.

### (2) Apple Satisfied Its Duty to Disclose The Overheating Safety Issue.

"[A] manufacturer's duty to consumers is limited to its warranty obligations absent either an affirmative misrepresentation or safety issues." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012). Pursuant to Section 1770(a)(9), the proposed amended complaint raises an overheating safety issue with Apple MacBooks. Because Apple adequately disclosed this hazard, the new safety allegation falls away. *See Bird v. First Alert, Inc.*, No. C 14–3585 PJH, 2014 WL 7248734, at *6–7 (N.D. Cal. Dec. 19, 2014) (Judge Phyllis Hamilton) (dismissing CLRA claims for alleged safety issue with smoke detectors because the packaging included adequate warnings). Leave to amend is **DENIED**.

5

### B. Texas Deceptive Trade Practices Act.

The original complaint alleged that Apple violated Sections 17.46(b)(5), (7), (9), and (24) of the Texas Deceptive Trade Practices Act. The proposed amended complaint only alleges a violation of Section 17.46(b)(24) of the Texas DTPA.

Section 17.46(b)(24) proscribes:

> failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

Plaintiffs contend that Apple had a duty to disclose the logic board defect under the Texas DTPA because it was a material fact that only Apple knew (Amd. Compl. ¶ 74).

Under the Texas DTPA, there is no duty to disclose if the defendant did not know the material information at the time of the transaction. Demonstrating that the defendant should have known the material information is insufficient. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 479 (Tex. 1995). The January 8 order dismissed plaintiffs' claims under Section 17.46(b)(24) because plaintiffs failed to plausibly demonstrate that Apple knew about the alleged logic board defect at the time of plaintiffs' purchases.

The proposed amended complaint alleges that Apple has been aware of the logic board defect for over six years. Plaintiff Marcus allegedly bought his MacBook Pro in May 2012, and plaintiff Verceles bought his MacBook Pro in July 2011; both sales were therefore made after Apple allegedly became aware of the logic board defect (Amd. Compl. ¶¶ 3, 10–11).

The new allegations regarding Apple's knowledge of the alleged logic board defect are as follows (Amd. Compl. ¶¶ 3, 19, 26, 34):

> Apple's computer engineers knew about this defect and mean time failure that is 10 times faster than other industry products.
> Apple's warranty service department knew about this defect, due to the extremely high levels of warranty claims for this component.
> Apple's repair department knew about this defect due to the high numbers of replacement logic boards that were ordered by consumers and repair facilities.
>
> As the logic board designer and manufacturer, Apple possesses specialized knowledge regarding the composition of its logic board, and is in a superior position to know and learn about defects in its logic board. Apple has access to all the company data and

6

> engineering reports regarding Mean Time To Failure rates, annual warranty claims, testing regarding operating temperatures, testing regarding breakdown rates of lead-free solder, and identification of components that short-circuit under high heat.
>
> Apple has been aware of the weakness and defects in its logic board for years due to customer complaints . . . .
>
> Plaintiffs' experiences with the logic boards are typical of thousands of other Apple purchasers who have registered their complaints with Apple and even started a change.org petition.

There are no on point Texas decisions addressing similar allegations of a defendant's knowledge. There are, however, multiple decisions applying very similar allegations under California's CLRA, which also requires demonstration of a defendant's knowledge at the time of sale.

In *MacDonald v. Ford Motor Company*, 37 F. Supp. 3d 1087, 1095 (N.D. Cal. Mar. 31, 2014) (Judge Jon Tigar), the allegations regarding knowledge were summed up as follows:

> Ford had exclusive access to additional sources of information that reveal the coolant pump defect, including pre-production testing, pre-release testing data, early consumer complaints made exclusively to Ford, high levels of repair orders and warranty reimbursements, testing conducted in response to complaints, replacement part sales data, and aggregate data from Ford dealers.

Judge Tigar analyzed two other decisions with nearly identical allegations regarding a defendant's exclusive knowledge of a defect. The dispositive factor in those decisions was whether the plaintiffs provided additional information supporting their allegations, such as "technical service bulletins" addressing the allegedly defective part. The plaintiffs in *MacDonald* referenced three different internal technical service bulletins discussing problems with the allegedly defective part, one of which pre-dated the plaintiffs' purchases. Judge Tigar therefore held that the plaintiffs plausibly demonstrated the defendant's knowledge of the defect at the time of sale. *Id.* at 1093, 1095–96.

Here, however, there are only general allegations of undated customer complaints, engineering reports, different types of testing data, high numbers of replacement parts ordered and warranty claims. Without more, courts have determined that such allegations fail to plausibly demonstrate that the defendant knew about the defect at the time of sale because they provide no sense of chronology. *See, e.g., Herremans v. BMW of North America, LLC*, CV

7

14–02363 MMM (PJWx), 2014 WL 5017843, at *16–18 (C.D. Cal. Oct. 3, 2014) (Judge Margaret Morrow); *Grodzitsky v. American Honda Motor Co., Inc.*, No. 2:12–cv–1142–SVW–PLA, 2013 WL 690822, at *6–7 (C.D. Cal. Feb. 19, 2013) (Judge Stephen Wilson). Plaintiffs thus fail to plausibly demonstrate that Apple knew about the defect at the time of plaintiffs' computer purchases.

Plaintiffs' claim under Section 17.46(b)(24) of the Texas DTPA fails. Leave to amend is **DENIED**.

### 2. WARRANTY-BASED CLAIMS FOR RELIEF.

Plaintiffs' proposed amended complaint asserts claims for relief for violations of the Song-Beverly Consumer Warranty Act and the Magnuson-Moss Warranty Act.

#### A. Song-Beverly Consumer Warranty Act.

The Song-Beverly Consumer Warranty Act only applies to goods sold in California. It provides that "every sale of consumer goods that are sold at retail in [California] shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." Cal. Civ. Code § 1792. Manufacturers cannot disclaim the implied warranty of merchantability for goods sold in California unless the goods are sold "as is" or "with all faults." *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1303 (Cal. Ct. App. 2009). Plaintiff Marcus's laptop allegedly was not sold with the "as is" or "with all faults" language. Therefore, plaintiffs argue that his claim for breach of the implied warranty of merchantability under Song-Beverly may proceed (Amd. Compl. ¶ 78).

The January 8 order dismissed plaintiffs' claims under Song-Beverly because that Act only applies to goods purchased in California, and it was not sufficiently alleged that either plaintiff, Marcus or Verceles, purchased their MacBook Pros in California. The proposed amended complaint still does not allege that Verceles purchased his MacBook Pro in California. Therefore, Verceles does not make out a claim under Song-Beverly.

As to Marcus, his claim for breach of the implied warranty under Song-Beverly fails because the alleged logic board design defect did not render his computer unmerchantable during the implied warranty duration period.

8

The Song-Beverly Consumer Warranty Act imposes an implied warranty of merchantability whose duration period "shall be coextensive in duration with an express warranty which accompanies the consumer goods . . . but in no event shall such implied warranty have a duration of . . . more than one year following the sale of new consumer goods to a retail buyer." Cal. Civ. Code § 1791.1(c). It is undisputed that the express warranty was one year. Therefore, the duration of the implied warranty was also one year.

Section 1791 of the Song-Beverly Act does not create a one-year deadline for discovery of the defect or for providing notice to the seller. It does, however, require a latent defect to have existed within the duration period. *Mexia*, 174 Cal. App. 4th at 1308–10.

Mexia purchased a boat that allegedly contained a latent defect, which subsequently caused the boat's engine to destructively corrode two years after purchase. The court determined that it was possible for Mexia to present evidence that the corrosion was due to a defect that existed at the time of sale or within the one year period but remained latent and undiscoverable for two years. If the corrosion was indeed caused by a latent defect existing at the time of sale or sometime within the duration period, the boat was unmerchantable. Mexia thus stated a valid claim under Song-Beverly. *Id.* at 1300, 1308.

The test for merchantability requires a good to be fit for its ordinary purpose. Such fitness is shown if the product is in a safe condition and substantially free of defects. Under *Mexia*, merchantability is evaluated as if the alleged latent defect were known. *Id.* at 1303, 1305. Judges following *Mexia's* rule have emphasized the potential safety risks of allegedly defective automobile parts before concluding that the automobiles were unmerchantable. *See Sater v. Chrysler Group LLC*, No. EDCV 14–00700–VAP (DTBx), 2015 WL 736273, at *9–10 (C.D. Cal. Feb. 20, 2015) (Judge Virginia Phillips) (emphasizing potential safety risks of allegedly defective steering assembly); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1243–44 (C.D. Cal. June 30, 2011) (Judge Margaret Morrow) (emphasizing potential safety risks of alleged water leak defect); *Ehrlich v. BMW of North America, LLC*, 801 F.Supp. 2d 908, 918, 923–24 (C.D. Cal. Aug. 11, 2010) (Judge Audrey Collins) (emphasizing potential safety risks of allegedly defective windshield). Indeed, "an important consideration under the

9

1  implied warranty is consumer safety." *Brand v. Hyundai Motor America*, 226 Cal. App. 4th
2  1538, 1547 (Cal. Ct. App. 2014) (emphasizing potential safety risks of allegedly defective
3  sunroof).

4  Unlike in *Mexia*, there was no corrosion here. At most, there was a safety risk within
5  the first year. The alleged overheating safety hazard, however, was adequately disclosed.
6  Marcus's claim under Song-Beverly thus fails.

7  In sum, plaintiff Verceles does not make out a claim under Song-Beverly because his
8  MacBook Pro was not purchased in California. Plaintiff Marcus fails to state a plausible claim
9  for breach of the implied warranty of merchantability under Song-Beverly because the alleged
10 safety risk was adequately disclosed. Leave to amend is **DENIED**.

### B. Magnuson-Moss Warranty Act.

"[D]isposition of the state law warranty claims determines the disposition of the Magnuson-Moss [Warranty] Act claims." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 n.3 (9th Cir. 2008); *see* 15 U.S.C. 2310(d). As plaintiffs fail to plead any plausible state law warranty claims, amendment under the Magnuson-Moss Warranty Act is **DENIED**.

### 3. SECTION 17200 OF CALIFORNIA'S UNFAIR COMPETITION LAW.

The proposed amended complaint alleges that Apple violated Section 17200 of California's Unfair Competition Law, which proscribes unfair competition, including "any unlawful, unfair or fraudulent business act or practice." Section 17200 "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (citation omitted).

The January 8 order dismissed plaintiffs' claims under the "unlawful" prong because the original complaint failed to establish an underlying violation of any of the remaining claims alleged in the complaint. Likewise, the proposed amended complaint fails to establish an underlying violation of Section 17200. Therefore, plaintiffs fail to state a claim under the "unlawful" prong. Leave to amend is **DENIED**.

10

The proposed amended complaint also alleges a violation of the "unfair" prong of Section 17200. The "unfair" prong provides an independent basis for relief. Our court of appeals permits the use of a balancing test to determine what is "unfair" in the consumer action context. Under the balancing test, a business practice is unfair if the harm to consumers outweighs the utility of the defendant's practice. *Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718, 731, 735–36 (9th Cir. 2007).

The proposed amended complaint alleges that (Amd. Compl. ¶ 46):

> Apple's continued sale of its defective laptops violates that "balancing test" where the gravity of Defendant's alleged wrongful conduct outweighs any purported benefits. Apple would rather sell the consumers a defective laptop in order to save $10, thus costing the consumer $300 in logic board replacement cost or $2000 in laptop replacement cost.

Plaintiffs, however, were able to adequately use their units for several months after the expiration of the one-year express warranty. The repair or replacement costs of the MacBooks are thus insufficient to show that the harm to consumers outweighs the utility of Apple's business practices. Amendment under the "unfair" prong is **DENIED**.

### 4. REQUEST FOR JUDICIAL NOTICE.

Plaintiffs request judicial notice be taken of two lawsuits, seemingly for the purpose of acknowledging that Apple has produced and sold defective laptops to consumers in the past: (1) the Nvidia GPU lawsuit (08–cv–4312–JW); and (2) the Apple MagSafe power adapter lawsuit (09–cv–1911). As those two lawsuits had no relevance to the alleged logic board defect, plaintiffs' request for judicial notice is **DENIED**.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for leave to file a first amended complaint is **DENIED**. No more motions for amendment will be permitted. This case is ready for appeal.

**IT IS SO ORDERED.**

Dated: April 16, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

11